UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

  Plaintiff,

v.             Case No:  6:18-cv-575-Orl-37TBS

BRIGHT HOUSE NETWORKS, LLC;
CHARTER COMMUNICATIONS, INC.;
SPECTRUM, CREDIT PROTECTION
ASSOCIATION, L.P., and JOHN DOE,

  Defendants.

---

# CASE MANAGEMENT AND SCHEDULING ORDER

Upon consideration of the parties' Case Management Report (Doc. 18), the Court enters this Case Management and Scheduling Order ("**CMSO**"), which is designed to secure the just, efficient, and inexpensive resolution of this action. Fed. R. Civ. P. 1, 16(b); Local Rules 1.01(b), 3.05(c)(2)(D).

## I. OVERVIEW

### A. Controlling Rules, Standards and Procedures

All conduct related to this action must be civil, cooperative, conscientious, and in strict compliance with the procedures, standards, and requirements set forth in this CMSO, the Federal Rules of Civil Procedure ("**Rules**"),[1] the Local Rules,[2] the Court's Discovery Handbook, the Court's Administrative Procedures for Electronic Filing ("**Filing Procedures**"), and the Undersigned's Case and Trial Management Preferences.[3]

---

[1] In this CMSO, "**Rule __**" refers to a Federal Rule of Civil Procedure.

[2] The deadlines provided in this CMSO are consistent with recent changes to the Federal Rules of Civil Procedure. Where such deadlines are inconsistent with the Local Rules, the deadlines in this CMSO and the Federal Rules control. *See* Local Rule 1.01(b).

[3] Counsel also shall comply with the Ideals and Goals of Professionalism adopted by the Board of Governors of the Florida Bar on May 16, 1990 ("***Ideals***"). The Ideals are available at www.floridabar.org.

The parties **must** carefully review the entirety of these materials, which are available at the Court's website:

http://www.flmd.uscourts.gov/judicialInfo/Orlando/JgDalton.html,
http://www.flmd.uscourts.gov/forms/forms_policies.htm,

http://www.flmd.uscourts.gov/CMECF/default.htm, and

http://www.flmd.uscourts.gov/CHtech/Orlando/ORL-CRtech.htm.

### B.     Sanctions

The parties are cautioned that the Court will diligently enforce this CMSO, and—when necessary—will exercise its inherent and explicit authority to sanction parties and attorneys who violate the letter or spirit of the Court's Rules and Orders.[4]

### C.     *Ex Parte* Communications

All *ex parte* communications concerning this action are prohibited—including telephone calls to the Undersigned's Chambers with requests for information or guidance from the Court. Such requests raise constitutional and ethical concerns,[5] and they should be unnecessary given the explicit instructions set forth in this CMSO and the wealth of information available on the Court's website. In the rare instance that a concern or question remains after careful consideration of such materials, the parties may request guidance from the Court in a motion filed with the Clerk of the Court. *See* Fed. R. Civ. P. 7(b); Local Rule 3.01(f).

### D.     Deadlines

For the convenience of the parties, a table summarizing important deadlines is provided below. The table is merely a summary, and it must be considered in conjunction with the entirety of the CMSO and other materials noted above (*supra* Part I.A).

---

**IMPORTANT NOTICE**

The Court will strictly enforce the deadlines set in this CMSO. Such deadlines are effective unless modified by a written Order. The parties may not modify the Court's deadlines by any other means—including by an agreement that is not presented to and approved by the Court. Local Rule 4.15(a).

---

[4] *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 11(c), 16(f), 26(g)(3), 37, 41(b), 83; Local Rules 2.04(g), 3.10(a); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764–65 (1980); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).

[5] *See* Code of Conduct for United States Judges, Canon 3A(4); Am. Coll. of Trial Lawyers, Code of Pretrial & Trial Conduct, Obligations to the Court, Communication with the Court (2009); *see also Envtl. Def. Fund v. Alexander*, 614 F.2d 474, 480–81 (5th Cir. 1980).

| Event | Deadline |
|---|---|
| Mandatory Initial Disclosures | July 30, 2018 |
| Certificates of Interested Persons and Corporate Disclosure Statements | Immediately, if not previously filed |
| Motions to Add Parties or to Amend Pleadings | August 20, 2018 |
| Within **fourteen (14) days** of this CMSO, Designated Lead Counsel shall—after conferring with opposing counsel and the mediator—file a Notice with the Court advising of the date and location of the parties' mediation, which shall occur on or before:<br><div align="right">Deadline:<br>Mediator:</div> | July 26, 2019<br>Julie E. Walbroel |
| Expert Witness Disclosures and Reports <div align="right">Plaintiff:<br>Defendant:</div> | May 4, 2019<br>June 7, 2019 |
| Completion of Discovery | July 5, 2019 |
| Summary Judgment, *Daubert*, and *Markman* Motions | August 2, 2019 |
| Pre-Trial Meeting (***In Person***) | December 30, 2019 |
| Joint Final Pretrial Statement ("**PTS**") and Trial Briefs<br>**Case Prepared for Trial**<br><br>**The parties must file the PTS (with all attachments) on CM/ECF and must e-mail editable copies of such documents (in Microsoft Word® format) to chambers_flmd_Dalton@flmd.uscourts.gov. | January 9, 2020 |
| A Single Motion *In Limine* and any other Motions | December 26, 2019 |
| Final Pretrial Conference | January 16, 2020<br>10:00 a.m. |
| Trial Materials (including Deposition Designations and Revised Witness Lists, Exhibit Lists, Voir Dire Questions, and Jointly Proposed Jury Instructions, and Jointly Proposed Verdict Form)<br><br>**The parties must file the Trial Materials on CM/ECF and must e-mail editable copies of such documents (in Microsoft Word® format) to chambers_flmd_Dalton@flmd.uscourts.gov | January 23, 2020 |
| Commencement of the Jury Trial Term | February 3, 2020 |

## II.  DISCOVERY PROCEDURES AND LIMITATIONS

**A.  Certificate of Interested Persons and Corporate Disclosure Statement**–No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and a Corporate Disclosure Statement on the mandatory forms previously provided to the parties.  The Court may deny any filing—including an emergency motion—if the filing party has not filed and served the Certificate of Interested Persons and Corporate Disclosure Statement.

**B.  Depositions and Interrogatories** – Absent leave of Court, the parties may: (a) serve no more than **twenty-five (25) interrogatories**, including sub-parts (Fed. R. Civ. P. 33(a)(1)); and (b) take no more than **ten (10) depositions** per side—not per party—Fed. R. Civ. P. 30(a)(2)(A) & 31(a)(2)(A). Absent stipulation of the parties or leave of the Court, each deposition is limited to one seven-hour day. Fed. R. Civ. P. 30(d)(1).

**C.  Production Requests** – Requests for production of documents, electronically stored information ("**ESI**"), and tangible things must be made in a thoughtful, case-specific, and non-harassing fashion. *See* Fed. R. Civ. P. 26(b)(1), 34(b)(1)(B). The producing party shall conduct its production in the manner prescribed by Rule 34(b)(2)(E).

**D.  Timing and Format of Discovery Requests** – The parties are encouraged to provide electronic copies of all discovery requests they serve on a party or a non-party. Local Rule 3.03(e). The parties shall serve all discovery requests sufficiently in advance of the discovery deadline so that any response will be due by the discovery deadline.

**E.  Responses and Objections to Discovery** – Responses to discovery requests must be timely, complete, and devoid of boilerplate, non-specific objections. Parties shall promptly update or amend any incomplete or incorrect disclosure, response, objection, or production. Fed. R. Civ. P. 26(e).

**F.  Prohibition on Filing Discovery with the Court** – The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03(b), (c), and (d).

**G.  "Expert" Opinions** – On or before the deadlines set forth in this CMSO, the parties shall: **(1)** pursuant to Rule 26(a)(2)(A), disclose the identity of any witness who may provide expert opinion evidence at trial ("**Expert Witness**"); **(2)** pursuant to Rule 26(a)(2)(B), produce a written report ("**Expert Report**") for any Expert Witness that is retained or specially employed to provide expert testimony in this action, including any party's employee that regularly provides expert testimony; and **(3)** pursuant to Rule 26(a)(2)(C), produce a written disclosure ("**Expert Disclosure**") for any other Expert Witness. Any person who is not timely identified as an Expert Witness in accordance with Rule 26(a)(2)(A) will be prohibited from offering expert opinion testimony at trial. On direct examination at trial, the Court also will strictly limit the testimony of all Expert

Witnesses to the matters that are fully and timely disclosed in an Expert Report or Expert Disclosure.

**H.    Confidential Information** – Stipulated motions for entry of a protective order are discouraged and unnecessary because the Court will enforce a written agreement to protect the confidentiality of information produced during discovery — including by designating such information as "confidential" — so long as such agreement: **(1)** includes the following statement: "No party shall file a document under seal unless the Court previously granted a motion to file under seal which was submitted to the Court in compliance with Local Rule 1.09."; and **(2)** is signed by the necessary parties and attorneys.

**I.    Agreements and Stipulations** – Consistent with the terms of this CMSO (*supra* Part I.D & Local Rule 4.15(a)), the parties may agree or stipulate to other discovery procedures and limitations — including agreements concerning assertions of privilege and inadvertent disclosure of materials that are subject to a privilege. *See* Fed. R. Civ. P. 16(b)(3)(B)(iv); Fed. R. Evid. 502.

## III.    MOTION PRACTICE

### A.    Good Faith Conference and Certification Requirement

*DUTY TO CONFER – before filing a motion not exempted under Local Rule 3.01(g), the moving party shall engage in a substantive conversation with the opposing party — **in person or by telephone** — in a good faith effort to resolve the issues raised by the motion without Court intervention ("**Good Faith Conference**"). The duty to confer is not satisfied by mere correspondence — particularly an exchange of ultimatums through e-mails, letters, or facsimiles.*

*CERTIFICATION REQUIREMENT – if issues requiring Court intervention exist after the Good Faith Conference, the moving party **shall file** with the motion a statement certifying that the moving party has conferred with the opposing party and whether the parties agree on the resolution of the motion ("**Certification Requirement**").*

---

**IMPORTANT NOTICE**

The Court will strictly enforce the Good Faith Conference and Certification Requirements. Failure to satisfy the Duty to Confer provides sufficient grounds for denial of a non-exempt motion and imposition of sanctions. Further, the Court will strike any non-exempt motion that is filed without a compliant Certification.

---

1.      **Exempt Motions** – The Good Faith Conference and Certification Requirements are inapplicable to the following motions: **(a)** summary judgment under Rule 56(a); **(b)** class certification under Rule 23(c); **(c)** injunctive relief under Rule 65(a); **(d)** involuntary dismissal under Rule 41(b); **(e)** dismissal under Rule 12(b)(6); and **(f)** judgment on the pleadings under Rule 12(c). Although Rule 12(b)(6) Motions are exempt, before filing such a motion, moving parties must confer with opposing parties concerning the purported pleading deficiencies, and must not oppose a motion under Rule 15(a)(2) for leave to file a curative amended pleading.

2.      *Pro Se* **Parties** – Although Local Rule 3.01(g) references "counsel," parties who are proceeding without counsel ("*Pro Se* **Parties**") also must fully comply with the Good Faith Conference and Certification Requirements.

3.      **Mere Attempts to Confer** – Moving parties who unsuccessfully "attempt" to confer with opposing parties have not "conferred,." A Certification to the effect that the opposing party was not available for a Good Faith Conference does not constitute compliance with the Certification Requirement.

4.      **Opposing Parties** – Opposing parties—including *Pro Se* Parties—must promptly respond to requests for a Good Faith Conference,[6] and failure to do so will likely result in the imposition of sanctions. A response that occurs more than **two business days** after a request is **not "prompt."**

B.      **Page Limits and Courtesy Copies** – Absent prior leave of the Court, no party may file a motion and supporting memorandum in excess of **twenty-five (25) pages**, and no party may file a memorandum in opposition to a motion ("**Response**") in excess of **twenty (20) pages**. *See* Local Rule 3.01(a), (b).

1.      **Sanctions** – The Court may strike from the record any filing that exceeds the page limits or seeks to evade the page limits in any way—including by *incorporating other documents by reference* or by submitting voluminous exhibits without *pinpoint citations*. (*See infra* Part III.D.)

---

[6] *See Ideals*, ¶ 6.10 and *Creed of Professionalism* ¶ 8; *supra* n.2.

**2.      Requests to Exceed the Page Limit** – Motions requesting leave to exceed the page limits or to file a reply or further memorandum are disfavored and will be stricken or denied unless the motion: **(a)** is no more than **three (3) pages** long; **(b)** specifies the length of the proposed filing; and **(c)** establishes good cause why the Court should grant the requested relief. The Motion must **not** include— as an attachment or otherwise—the proposed motion, response, reply, or other paper.

**3.      Courtesy Copies** – Upon request, the parties shall provide the Court with courtesy hard copies of lengthy filings. Generally, courtesy copies should be provided when the Motion or Response is twenty-five (25) pages or longer (including exhibits).

**C.      Duplicative Filings Prohibited** – Unless directed to do so by the Court, no party shall file any document that is already part of the record. *See* Filing Procedures, Part VI.A.4. The parties shall cite to documents already part of the record by providing *pinpoint citations* to the Docket and page numbers for such filing (*e.g.*, "(Doc. 20, p. 5)").

**D.      Pinpoint Citations Required** – In all Court filings that cite to or rely on evidentiary materials or legal authority, the filer shall provide **pinpoint citations** to the page (and line if available) that supports the fact or legal proposition at issue. General references to a deposition or case law are inadequate. ***The Court may disregard any assertion of fact or law that is not supported by a pinpoint citation.***

**E.      Motions to Extend Deadlines and to Continue Proceedings** – The deadlines established in this CMSO are purposeful and are not advisory. *See* Local Rule 3.05(c)(2)(E). Thus, the Court generally denies motions to extend such deadlines or to continue the proceedings. *See* Local Rule 3.09(a). As noted below—depending on the deadline at issue—the Court will grant such motions only upon showing of good cause or manifest injustice.

**1.      Summary Judgment Motions** – In light of the Court's heavy trial calendar and the extensive judicial resources and time required to resolve summary judgment motions, such motions must be fully and properly briefed at least *four months* before commencement of the trial term assigned in this CMSO. Absent a showing that manifest injustice will result, the Court will deny any motion for an extension of the dispositive motion deadline that will result in a motion for summary judgment being fully-briefed less than *four months* before trial. *See* Local Rule 3.05(c)(2)(E).

**2.      Continuance of Trial** – Absent a showing that manifest injustice will result, the Court will deny motions to continue trial. Further, the Court will strike a motion to continue trial unless it includes a certification—signed by the moving party's lead trial counsel—affirming that that the moving party has been informed of and agrees to the motion to continue trial. *See* Local Rule 3.09(d).

**3.    Other Deadlines** – Motions to extend other deadlines established in this CMSO—especially the discovery deadline—are disfavored and will be denied absent a showing of good cause and recitations concerning: **(a)** whether the motion is agreed or opposed; **(b)** the impact—if any—that the parties expect the deadline extension will have on the trial date and summary judgment deadline; **(c)** the specific reasons that any additional discovery is both necessary and could not be completed in the time allotted by this CMSO; and **(d)** the parties' agreement that **(i)** any evidence obtained in the extended discovery period will be unavailable for summary judgment purposes, and **(ii)** the extension will not be relied on in any way to support another motion to continue or to extend a deadline. *See* Fed. R. Civ. P. 16(b)(4); Local Rule 3.09(a).

**F.    Sealing Court Records** – Maintaining judicial records under seal is an administrative burden and is contrary to the public's right to open judicial proceedings. Thus, motions to seal should be made sparingly and only after determining that: **(1)** the filing of each item to be sealed is necessary to a fair resolution of this matter; **(2)** the sealing of each items is necessary to protect an important right—such as the advantageous commercial advantage afforded by a trade secret or the privacy interests of vulnerable persons; and **(3)** the important right at issue cannot be satisfactorily protected by means other than sealing the record. Further, when filing a request to seal, the moving party must strictly comply with the pertinent procedural and formatting instructions set forth in Local Rules 1.09(a) or 1.09(b).

**G.    Protective Orders and Orders Compelling Discovery** – The parties must be diligent in their discovery efforts and—subject to compliance with the Good Faith Conference and Certification Requirements—must promptly raise any discovery dispute with the Court. In raising such a dispute, the moving party must comply with the procedural and formatting instructions set forth in Local Rule 3.04(a). The parties are advised that the Court routinely denies motions to compel that are filed after the discovery deadline as untimely.

**H.    Emergency Motions** – *Promptly after filing an emergency motion, counsel shall notify the Court by placing a telephone call to the Undersigned's Courtroom Deputy Clerk* (407-835-4211). Counsel are advised that the designation "emergency" may cause the Court to abandon other pending matters in order to immediately address the "emergency," and the Court will sanction any counsel or party who designates a motion as an "emergency" under circumstances that are not a true emergency.  It is **not** a true emergency when counsel has delayed discovery until the end of the discovery period or has otherwise failed to exercise diligence. In any event, the Court may consider and determine a motion designated as an "emergency" at any time. *See* Local Rule 3.01(e).

**I.    *Daubert* and Markman Motions** – Any party seeking a ruling pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) (concerning the admissibility of expert opinions) or pursuant to *Markman v.*

*Westview Instruments, Inc.*, 517 U.S.370 (1996) (concerning the interpretation of a patent claim) should file and serve a motion requesting such relief on or before the summary judgment deadline established in this CMSO. Until the deadline for filing a Response to a *Daubert* or Markman Motion, the parties may request an evidentiary hearing and also may prepare a glossary of technical or scientific terms.

**J.**     **Motions for Summary Judgment** – Absent leave of the Court, no party shall file more than **one (1) motion** for summary judgment.

**1.**     **Format and Supporting Materials** – A party's motion for summary judgment and supporting memorandum of law shall be presented in a *single document* of not more than **twenty-five (25) pages**. This single document shall:

**a.**     include a distinctly identified section specifying the material facts as to which the moving party contends there is no genuine issue for trial together with *pinpoint citations* to the record evidence;

**b.**     include a memorandum of law with *pinpoint citations* to supporting legal authority;

**c.**     be accompanied by affidavits and other evidence in the form required by Rule 56.

**2.**     **Responses** – Within **thirty (30) days** after being served with a summary judgment motion, an opposing party may file a Response that shall include a distinctly identified section specifying the material facts as to which the responding party contends there are genuine issues for trial together with *pinpoint citations* to the record evidence. Failure to timely file a Response may result in the entry of judgment for the movant without further proceedings.[7]

**3.**     **Replies** – Within **fourteen (14) days** after being served with a Response, the moving party may file a reply memorandum, not exceeding **ten (10) pages**.

**4.**     **Joint Stipulations of Fact** – On or before the deadline to file a Response (*supra* Part III.J.2), the parties may jointly file a stipulation of agreed material facts signed by the movant and the responding party ("**SJ Stipulation**"). *See* Local Rule 4.15. Because the facts must be construed in the light most favorable to the non-moving party at the summary judgment stage, the Court will consider SJ Stipulations ***only*** for purposes of resolving a summary judgment motion. The parties are ***prohibited*** from citing to SJ Stipulations in any other context. Because

---

[7] *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*); *see also* Fed. R. Civ. P. 56(e).

SJ Stipulations are likely to expedite the Court's resolution of a summary judgment motion and are inapplicable in any other procedural context, the Court strongly urges the parties to jointly file an SJ Stipulation concerning all material facts that are supported by the record when viewed in the light most favorable to the non-moving party.

     **5.**      **Hearings** – Unless specifically ordered, the Court will not hold a hearing on the summary judgment motion. Unless a different date is set by the Court, motions for summary judgment are taken under advisement **forty-five (45) days** from the date they are served.

**K.**      **All Other Motions, Including Motions *In Limine*** – On or before the date established by this CMSO, the parties shall file and serve all other motions including motions *in limine*. **Absent leave of the Court, no party shall file more than one motion *in limine*.**

     **1.**      **Responses** – Within **fourteen (14) days** after being served with any motion—except a motion for summary judgment (*supra* Part III.J)—an opposing party shall file a Response. *See* Local Rule 3.01(b).

     **2.**      **Unopposed or "Agreed" Motions** – When a moving party includes the terms "unopposed" or "agreed" in the title of its motion, the filing will come to the Court's attention prior to the Response deadline. Further, the Court routinely grants motions as unopposed when no Response is filed.

     **3.**      **Replies Not Permitted** – Absent leave of Court (*see supra* Part III.B.2), a party shall not file a reply to any motion other than a motion for summary judgment (*see supra* Part III.J.3).

---

### IMPORTANT NOTICE

The Court will strictly enforce the filing requirements for motions and memoranda—in particular the pinpoint citation, page limit, and evidentiary support requirements, the filing deadlines, and the duplicative filing prohibition. The filing of non-compliant documents provides sufficient grounds to strike such documents from the record.

---

## IV.    MEDIATION

### A.    Purpose

     To minimize costly pre-trial procedures in cases that may be equitably settled after discovery, and to secure the just, speedy, and inexpensive

determination of this action, all parties shall participate in good faith in *mandatory* mediation. *See* Local Rules 9.01, 9.05(c).

**B.    Deadlines**

**1.    To Schedule Mediation** – Within **fourteen (14) days** of the entry of this CMSO, Designated Lead Counsel shall—after conferring with opposing counsel and the mediator—file a Notice with the Court advising of the date and location of the parties' mediation.

**2.    To Complete Mediation** – The parties shall complete the mediation conference on or before the mediation date set in this CMSO. Despite Local Rule 9.05(d), neither the mediator nor the parties have authority to continue the mediation conference beyond this date except on express order of the Court.

**C.    The Mediator**

**1.    Appointment** – The parties should identify their preferred mediator in their Case Management Report, and the Court prefers to appoint such mediator. *See* Local Rule 9.04(a)(1). If the parties' Case Management Report does not identify a preferred mediator, then the Court will designate a certified mediator for the parties. *See* Local Rule 9.02(b).

**2.    Authority** – Except as limited by this CMSO, the appointed mediator shall have all powers and authority to conduct a mediation and to settle this case as are described in Chapter Nine of the Local Rules. In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation. At such time, the mediator may designate one or more coordinating attorneys to be responsible for conferring with the mediator regarding the mediation conference. If necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this CMSO. The mediation shall continue until adjourned by the mediator. Only the mediator may declare an impasse or end the mediation.

**3.    Compensation** – Absent agreement of the parties and the mediator, and in accordance with Local Rule 9.02(f), mediators shall be compensated at a reasonable hourly rate, which shall be borne equally by the parties.

**D.    Mediation Rules and Procedures**

**1.    Attendance and Settlement Authority Requirements** – Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, shall attend and participate in the mediation conference. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the

claim or policy limit. Participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation because of travel plans or other engagements. *The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.*

**2.** **Case Summaries** – Not less than **two (2) days** prior to the mediation conference, each party shall deliver a case summary to the mediator ("**Summary**"). The Summary shall: **(a)** concisely summarize the facts and issues of the case; and **(b)** if a corporate party is involved, identify the name and general job description of the employee or agent who will attend and participate with full authority to settle on behalf such corporate party.

**3.** **Confidentiality of Mediation Conference** – All discussions, representations and statements made at the mediation conference are privileged settlement negotiations and are inadmissible to prove liability for or invalidity of a claim or its amount. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. *See* Fed. R. Evid. 408; Local Rule 9.07(b).

**4.** **Settlement** – If the parties agree to a settlement during the mediation conference, the parties and their attorneys shall: **(a)** reduce the agreement to writing; **(b)** sign the written agreement in the presence of the mediator; and **(c)** promptly notify the Court of the settlement. *See* Local. Rules 3.08(a), 9.06(b).

**5.** **Mediator's Report** – Within **seven (7) days** of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report pursuant to Local Rule 9.06(a). The mediator also may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this CMSO. *See* Local Rule 9.05(e).

## V.    PREPARATION FOR TRIAL

**A.**    *In Person* **Pre-Trial Meeting** – On or before the date established by this CMSO, *lead trial counsel* and any *unrepresented parties* shall meet together *in person* ("**Pre-Trial Meeting**") to discuss the following matters in a good faith effort to either avoid trial or to coordinate a fair, thoughtful, and efficient presentation of the matter at trial.

**1.** **Settlement** – The parties shall thoroughly and exhaustively discuss settlement of the action before undertaking the extensive efforts needed to conduct final preparation of the case for trial and to comply with the requirements of this CMSO. The parties also should discuss whether assistance from the Court is desired—such as referral to a U.S. Magistrate Judge for a settlement conference.

**2.**   **Stipulations** – The parties shall stipulate to as many facts and issues as possible.  Parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing agreed facts and principles of law other than those that remain for determination at trial.

**3.**   **Depositions** – The parties shall advise one another of the depositions they will seek to use at trial—including citations to specific pages and lines from such depositions.  The parties also shall discuss and attempt to resolve any objections.

**4.**   **Witnesses** – The parties shall prepare and exchange witness lists, which shall include the names and addresses of all witnesses and an indication of whether the witness is likely to be called on direct examination. The parties also should determine whether they will request that the Court exclude witnesses from the trial proceedings in accordance with Federal Rule of Evidence 615.

**5.**   **Exhibit Lists** – The parties shall prepare and exchange draft exhibit lists using the form attached to this Order.

**6.**   **Disclosure Requirements** – Without exception, at the Pre-Trial Meeting, the parties are **required to disclose** to one another accurate and complete copies of **ALL** materials they intend to use at trial for any purpose—including admission into evidence, tendering to a witness, or presentation to the jury. Without limitation, this Pre-Trial Meeting disclosure requirement applies to:

**a.**   Demonstrative Aids;[8]

**b.**   Summaries of voluminous materials (*see* Fed. R. Evid. 1006);

**c.**   All exhibits listed on the parties' respective exhibit lists, including sensitive exhibits (*see* Local Rule 5.04(a)); and

**d.**   All materials and documents that may be tendered to a witness at trial for any purpose.

---

[8] It is imperative that the parties disclose their respective demonstrative aids in the exact form they will be used at trial. For instance, if the proposed aid is a power point presentation, the power point presentation must be shown to the other side in the exact manner it will be presented at trial. Likewise, any animations or other active aids must be presented as they will be viewed at trial. Mere descriptions, summaries, and examples of proposed demonstrative aids are insufficient, and at trial, the Court will exclude any demonstrative aid that is not fully and timely disclosed in accordance with the requirements of this Order. (*See infra* Part VIII.A.4.a.)

**7.**    **Marking Exhibits** – The parties shall examine and mark the exhibits in the manner prescribed by Local Rule 3.07(a) and the attached instructions. Any questions concerning the marking of exhibits or the creation of Exhibit Binders (*see infra* Part VII.B) shall be directed to Courtroom Deputy Landon Countryman well in advance of trial.

**8.**    **Good Faith Conferral Requirement** – The parties shall discuss and make a good faith effort to resolve disputes concerning: (a) admissibility of all exhibits; and (b) use of any demonstrative aids. The Court anticipates that the parties will agree to the admission of the bulk of the opposing parties' exhibits without objection. To the extent an objection to an exhibit or demonstrative aid cannot be resolved by the parties after diligent and good faith efforts, such objection shall be noted on the exhibit lists. Any objection that is not disclosed on the exhibit list is waived and will not be considered by the Court.[9]

**9.**    **Order of Proof and Presentation of Evidence** – Mindful to the fact that the Court requires efficient use of all trial time and that parties must rest their case when the party does not have a witness or evidence available to present during the hours designated for trial, the parties should discuss any issues that may arise concerning witness availability and the order of proof. The parties should promptly advise the Court before trial if any request will be made for a special accommodation in the presentation of evidence or order of proof. *See* Fed. R. Evid. 611(a). For example, in compelling circumstances, the Court may permit presentation of witness testimony in open court by contemporaneous transmission from a different location. *See* Fed. R. Civ. P. 43(a).

**10.**    **The Joint Final Pretrial Statement ("PTS")** – The parties shall discuss all other matters that are pertinent to the preparation and filing of the PTS and required attachments thereto. *See infra* Parts V.B and V.C.

---

**IMPORTANT NOTICE**

The parties must be fully prepared for trial on the deadline set in this CMSO for filing the PTS. After that date—and particularly during the Pre-Trial Conference—the parties must demonstrate their readiness for trial. Failure to exhibit such readiness constitutes a violation of this CMSO.

---

**B.**    **The PTS** – On or before the date set in this CMSO, the parties must file their joint PTS along with all of the required attachments noted *infra*. Upon such filing, the

---

[9] To avoid delay and confusion, the Court expects that any objection to a demonstrative aid shall be raised in the parties' Motion in Limine. This is particularly true of any demonstrative aid that may be used in opening argument or on the first day of trial.

pleadings merge into the PTS, and the PTS then controls the trial of this matter. *See* Local Rule 3.01(e). In separately and clearly-denominated sections, the PTS must include:

1.  a statement of the basis of the Court's subject matter jurisdiction for each claim at issue (including counterclaims and cross-claims, if any);

2.  the anticipated length of trial based on the issues remaining at the conclusion of the Pre-Trial Meeting;

3.  a concise statement of the nature of the action, which the Court may use in voir dire and in its preliminary instructions to the jury;

4.  brief summaries of the parties' respective cases;

5.  a statement of the type and amount of damages sought (if any); and

6.  a list of all pending motions or other matters requiring action by the Court.

*See* Local Rule 3.06(c)(1–3), (c)(7), (c)(14). The PTS also shall include concise statements of: **(1)** the agreed or stipulated facts that will require no proof at trial; **(2)** the facts that remain in dispute for resolution at trial by the fact-finder; **(3)** the agreed principles of law; and **(4)** the disputed issues of law that remain to be determined by the Court. *See* Local Rule 3.06(c)(9–13). The PTS must be signed by lead counsel for all parties and/or any *pro se* parties (Local Rule 3.06(15)), and it must include all of the attachments noted in Part V.C, *infra*. ***The Court will strike any PTS (or attachment thereto), which is unilateral, unsigned, or otherwise incomplete.***

## C.  Attachments to the PTS

**1.   Exhibit Lists –** The parties shall prepare joint and individual exhibit lists on the Clerk's approved forms and shall file the lists as attachments to the PTS. (*See supra* Part V.A.3.) The exhibit lists shall include, in the appropriate columns: **(a)** a descriptive notation sufficient to identify each numbered exhibit; **(b)** the identity of the sponsoring witness (if any); **(c)** *specific objections* to admission of the exhibit with pinpoint citations to pertinent legal authority (e.g., "Federal Rule of Evidence __"); and **(d)** if applicable, a symbol (*e.g.*, "A" or "*"), which indicates that the exhibit will be admitted into evidence by agreement or without objection. *See* Local Rule 3.07(b).

**a.   The Joint Exhibit List of All Stipulated and Unopposed Exhibits –** To avoid duplicative trial exhibits and to prevent confusion in the record, the parties shall include all stipulated and unopposed exhibits on a single list ("**Joint Exhibit List**").

For example, if no objection is raised to an exhibit of medical records, the exhibit should be marked as a Joint Exhibit during the Pre-Trial Meeting, and it should be listed *only* on the Joint Exhibit List. No opposed exhibits should be included on the Joint Exhibit List.

b.    **Individual Exhibit Lists of Opposed Exhibits** – Each party shall include on an individual exhibit list *only* those exhibits to which an opposing party has objected. No party shall include on their Individual Exhibit List any exhibit that: (i) is unopposed or stipulated to (these should be included only on the Joint Exhibit List); or (2) the Court has determined is admissible after objection (which exhibits also should be included only on the Joint Exhibit List). (*See infra* Part VII.B (describing exhibit binders).)

2.    **Witness Lists**

a.    **Lists A & B** – Two witness lists shall be prepared by each party and shall be filed as attachments to the PTS. (*See supra* Part V.A.4.) "List A" shall identify the names and addresses of those witnesses who will definitely be called to testify on direct examination at trial. "List B" shall identify the names and addresses of those witnesses who *may* be called to testify on direct examination at trial.

b.    **Expert Witnesses** – If expert testimony will be presented, then an expert witness list must be prepared and filed as an attachment to the PTS. The expert witness list must identify each expert and briefly summarize the substance of his or her testimony. Local Rule 3.06(c)(6).

c.    **Rebuttal Witnesses** – Parties need not identify or list a true rebuttal witness, which is a witness presented in rebuttal *and* whose testimony could not reasonably have been foreseen to be necessary.

d.    **Record Custodians** – Record custodians may be identified on a Witness List; however, they are unlikely to be called at trial, except in the rare event that the parties are unable to resolve a dispute concerning the authenticity or foundation of a trial exhibit.

3.    **Deposition Designations and Color-Coded Transcripts** – The PTS shall include, as attachments, deposition designations ("**Designations**") and color-coded deposition transcripts ("**Transcripts**"), which identify the deposition testimony that each party intends to publish to the jury at trial and any unresolved objections thereto.

a.     **Designations** – The Designations shall specify, in separately and clearly-identified sections: **(1)** the reason that the deposition testimony will be used instead of testimony of a live witness and the method by which the party intends to present the deposition testimony at trial (by videotape, read into the record by the Court, etc.); **(2)** any objection to the use of deposition testimony instead of live witness testimony; **(3)** identification of the specific deposition testimony by citation to page and line numbers from the deposition transcript; and **(4)** for any admissibility objections that remain after active, substantial, and good faith efforts at resolution, identification of the unresolved objection with citation to pertinent legal authority (e.g., "Federal Rule of Evidence __").

b.     **Transcripts** – The color-coded deposition Transcripts (preferably mini-script versions) shall be highlighted in different colors to indicate the testimony that each party intends to publish at trial. In the margins of the color-coded Transcript, the parties also shall note any unresolved objections to the highlighted testimony.

4.     **Jointly-Proposed Jury Instructions and Verdict Form** – In cases to be tried before a jury, the parties shall attach to the PTS a single jointly-proposed verdict form and a single set of jointly-proposed jury instructions. *See* Local Rule 5.01(c). The parties must number each proposed instruction and submit them in the order they are to be presented to the jury. The Court generally uses its own preliminary instructions; thus, the parties' jointly-proposed instructions should cover only the instructions that will be given at the close of the case.

a.     **Pattern Instructions** – The Court prefers the Civil Pattern Jury Instructions approved by the United States Court of Appeals for the Eleventh Circuit ("**Pattern Instructions**"). The parties must cite to a Pattern Instruction or to other legal authority for each proposed instruction. At the Court's website, the parties can access a copy of the Pattern Instructions and also can link to a Jury Instruction Builder that uses the Pattern Instructions:

http://www.flmd.uscourts.gov/forms/forms_policies.htm

http://pji.ca11.uscourts.gov

b.     **Contested Instructions** – If the parties are unable to resolve a dispute concerning a jury instruction despite a good faith effort to do so at the Pre-Trial Meeting, the contested charge must be included with the jointly-proposed jury instructions. A contested charge must: **(i)** be clearly-marked as contested; **(ii)** identify the party requesting the charge; and **(iii)** provide summaries of the parties' respective arguments and legal authority in favor of and against the Court's use of the contested instruction. The arguments and legal authorities should be provided

immediately after the contested instruction. The Court will deny outright a proposed instruction that does not cite to supporting legal authority or is "slanted" in any way.

      **c.**    **Verdict Form** – The parties should be considerate of their jury; therefore, they should submit a concise and straightforward special verdict form. *See* Fed. R. Civ. P. 49(a).

      **5.**    **Voir Dire** – As an attachment to the PTS, the parties may include a single list of jointly-proposed questions for the Court to ask the venire during voir dire.

      **D.**    **E-Mail to Chambers** – On or before the date the parties file the PTS and Attachments with the Court, they also must provide the Court with editable copies of the following documents in **Microsoft Word®** format: **(1)** the PTS; **(2)** the jointly-proposed jury instructions; **(3)** the jointly-proposed verdict form; and **(4)** any jointly-proposed questions for the venire. These documents should be sent by electronic mail to **chambers_flmd_Dalton@flmd.uscourts.gov.**

      **E.**    **Responsible Parties** – All parties are responsible for holding the Pre-Trial Meeting and for filing and e-mailing the PTS and attachments in full compliance with this CMSO. (*Supra* Parts V.A, V.B, & V.C.) Plaintiff's counsel (or plaintiff if all parties are proceeding *pro se*) shall have the *primary* responsibility to coordinate such compliance.  If only the plaintiff is proceeding *pro se*, then the defendant's counsel shall coordinate such compliance. If compliance with these requirements cannot be obtained after good faith efforts, the responsible party must promptly notify the Court by written motion or request for a status conference.

      **F.**    **Trial Briefs**– Trial briefs may be filed with the Court on or before the deadline set in this CMSO. In the case of a *bench trial*, the parties are *required* to file trial briefs with proposed findings of fact and conclusions of law, and they also must e-mail editable copies of the trial briefs in **Microsoft Word®** format to **chambers_flmd_Dalton@flmd.uscourts.gov.**

## VI.    FINAL PRE-TRIAL CONFERENCE

      **A.**    **Lead Trial Counsel and Parties** – The Court will conduct a final pre-trial conference ("**PTC**") on the date set by this CMSO, and lead trial counsel and local counsel for each party (if any), together with any unrepresented party, must attend *in person* unless previously excused by the Court.

      **B.**    **Substance of Final Pre-trial Conference** – Since this case must be fully ready for trial at the time that the PTS is due, at the final PTC, all parties and their counsel must be prepared and authorized to take all acts necessary to facilitate the just, speedy, and inexpensive disposition of the action, including by: **(1)** admitting facts and

documents to avoid unnecessary proof; **(2)** stipulating to the authenticity of documents; **(3)** eliminating frivolous, redundant, and unsupported claims; **(4)** formulating and simplifying the remaining issues; **(5)** arguing pending motions and unresolved evidentiary disputes; **(6)** establishing reasonable limits on the time allowed for trial; and **(7)** addressing settlement. *See* Fed. R. Civ. P. 16(c)–((d).

## VII.   TRIAL MATERIALS AND EXHIBIT BINDERS

**A.     Trial Materials** – The PTC often results in significant changes in the case, which require revision of the trial materials previously submitted with the PTS. (*See supra* Part V.B, and V.C.) Thus, on the date set by this CMSO for filing "trial materials," the parties shall exchange and file with the Court revised versions of their: **(1)** witness and exhibits lists; **(2)** deposition Designations and Transcripts; **(3)** jointly-proposed jury instructions; **(4)** jointly-proposed verdict form; and **(5)** proposed voir dire questions (if any). On the same date, the parties also shall provide the Court with editable copies of the following revised trial materials in **Microsoft Word®** format: **(1)** the jointly-proposed jury instructions; **(2)** the verdict form; and **(3)** questions for the venire. These documents must be sent by electronic mail to **chambers_flmd_Dalton@flmd.uscourts.gov.**

**B.     Exhibit Binders** – At the commencement of trial, the parties shall provide the Court with binders containing all of the exhibits that may be used at trial. The parties' respective individual binders should *only include* exhibits that are subject to an unresolved objection as to admissibility.  (*See supra* Parts V.A.3 and V.C.1.) All other exhibits—to which no objection is pending—shall be included in a "Joint Exhibit Binder." All of the Joint Exhibit Binders should be *white*. All of Plaintiff's Exhibit Binders should be *black*. All of Defendant's Exhibit Binders should be a color that is distinguishable from the white and black binders (*e.g.*, purple or green).

## VIII.   TRIAL

---

### IMPORTANT NOTICE

The parties and their counsel shall carefully review Local Rule 5.03, which provides the minimal standards of Courtroom Decorum. The Court will strictly enforce these standards and rules of conduct during trial. In addition, the parties must be mindful not to waste the valuable time of the jurors and the Court. Sidebars should rarely be requested, and the Court will require that a party rest its case when it does not have a witness or exhibit available to present during the time set for trial.

---

**A.     Trial Before A District Judge**

1.      **The Trial Calendar** – On the date that the trial term assigned by this CMSO commences, counsel, parties, and witnesses *shall be available* **for trial** *on twenty-four (24) hours notice*. The case will normally be called for trial on the first day of the assigned trial term or as soon after that date as is possible in light of the Court's criminal and civil trial calendars. Generally, criminal trials are given priority and will be held before any civil trial set in the same trial term. Cases not reached for trial in the month of the assigned trial term will be carried over to the following month on a trailing trial calendar. Issued subpoenas will continue in force.

2.      **Reassignments** – A different judge—either a visiting judge or another District Judge—may be assigned to conduct the trial of this matter. *See* Local Rule 1.03(d). The case may be set for trial in the Orlando Division, Tampa Division, Fort Myers Division, Ocala Division, or Jacksonville Division of the Court. *See* Local Rule 1.02(e).

3.      **Conferral with the Courtroom Deputy Clerk & Examination of the Courtroom Before Trial** – The parties are advised that: (a) the design of certain courtrooms may preclude the use of large exhibits and posters in a jury trial; and (b) the Court *will not* provide time during trial for counsel to familiarize themselves with the technology and equipment available in the Courtroom. Accordingly, prior to trial, the parties are **DIRECTED** to: (a) contact the trial judge's courtroom deputy clerk to discuss exhibits and equipment to be used during trial and to coordinate pre-trial access to the courtroom; and (b) become familiar with courtroom and the available technology equipment.

4.      **Evidence Excluded and Objections Waived**

  a.      **Exhibits and Trial Materials** –The Court **WILL SUSTAIN** an objection to use or admission of any material or exhibit that was not: **(i)** timely and properly produced before the discovery deadline set in this CMSO); **(ii)** presented at the Pre-Trial Meeting (*see supra* Part V.A.6); and **(iii)** included on the exhibit lists filed with the Court (*see supra* Part VII.A). The Court also will usually overrule objections that were not timely raised and specifically stated on the exhibit lists or in a motion in limine. A general statement that a party "reserves" its objections is ineffective to avoid waiver.

  b.      **Fact Witnesses** – Generally, the Court will *prohibit* the parties from calling a witness to testify on direct examination at trial unless the witness was: **(i)** properly and timely disclosed during discovery; **(ii)** identified at the Pre-Trial Meeting; and **(iii)** included on a witness list filed with the Court.

c.      **Expert Witnesses –** Generally, the Court will *prohibit* the parties from calling an expert witness to testify at trial unless: **(i)** the witness was timely identified as an Expert Witness in accordance with Rule 26(a)(2)(A); **(ii)** an Expert Report or Expert Disclosure was timely produced for the witness (*see supra* Part II.G); and **(iii)** the witness was identified at the Pre-Trial Meeting and disclosed on an expert witness list filed with the Court (*see supra* Part V.C.2.b). Further, on direct examination, the Court will strictly limit an expert witness's testimony to the matters that are fully and timely disclosed in an Expert Report or Expert Disclosure. (*See supra* Part II.G.)

**B.      Date Certain Trial Before Magistrate Judge –** A case scheduled for trial before a U.S. Magistrate Judge will be called for trial on a date certain. With respect to a civil case that remains pending before a District Judge as of the date of this CMSO, the U.S. District Judges of the Middle District of Florida wish to afford the parties the opportunity to consent to proceed before a Magistrate Judge. Consent must be unanimous. A U.S. Magistrate Judge is available pursuant to 28 U.S.C. § 636(c) and Rule 73(a) to conduct all further proceedings (or specified motions) in this case, to conduct a jury or non-jury trial *beginning on a date certain*, and to enter final judgment. A party may appeal a final judgment of a Magistrate Judge to the U.S. Court of Appeals for the Eleventh Circuit in the same manner as an appeal from the District Court. 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73. A party is free to withhold consent without adverse substantive consequences. 28 U.S.C. § 636 (c)(2); Fed. R. Civ. P. 73(b). Consent forms are attached to this CMSO. Local Rule 6.05.

**C.      Settlement –** Counsel shall immediately notify the Court upon settlement of any case. Local Rule 3.08(a). If the settlement occurs on the eve of trial and will eliminate the need for a jury, the parties must notify the Court by **11:30 a.m. on the last business day before the date scheduled for jury selection**. Failure to provide such timely notice to the Court will subject each party to joint and several liability for jury costs. Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings—including the PTC—and for trial, absent the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice of dismissal if prior to answer and motion for summary judgment). Fed. R. Civ. P. 41(a).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 12, 2018.

ROY B. DALTON JR.
United States District Judge

Attachments:          Exhibit List Form [mandatory form]
                      Instructions for Pre-Marking of Exhibits
                      Magistrate Judge Consent / Entire Case
                      Magistrate Judge Consent / Specified Motions

Copies to:            All Counsel of Record

# EXHIBIT LIST

_____ Government     _____ Plaintiff     _____ Defendant     _____ Court

**Case No.** _____

**Style:** _____

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objections.  Otherwise, specifically state each objection to each opposed exhibit.  Please note that each date box on the left must be one inch wide to accommodate the Clerk's stamp.



**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**
**Judge Roy B. Dalton, Jr.**

### NOTICE TO COUNSEL and UNREPRESENTED PARTIES

**Instructions Regarding Pre-Marking Exhibits, Preparation of Exhibit Lists, and Substitution of Exhibits**[1]

The parties shall prepare their trial exhibits in accordance with Local Rule 3.07(a), the Case Management and Scheduling Order ("CMSO"), and the following instructions.

The parties shall prepare exhibit binders containing all of the exhibits that may be used at trial. All exhibits to which no objection is pending *and* all exhibits that are stipulated to shall be included in a joint exhibit binder ("**Joint Exhibit Binder**"). Thus, the Joint Exhibit Binder will contain: (1) exhibits for use by both parties to which no objection is pending; (2) exhibits for use by Plaintiff/Government to which Defendant does not object; and (3) exhibits for use by Defendant to which Plaintiff/Government does not object. Exhibits that are subject to an unresolved objection as to admissibility shall be included in separate binders—one binder containing exhibits for the Plaintiff/Government's use ("**Plaintiff/Government's Exhibit Binder**") and one binder containing exhibits for the Defendant's use ("**Defendant Exhibit Binder**"). (*See* CMSO, Part VII, B). The Joint Exhibit Binders should be white. Plaintiff/Government's Exhibit Binders should be black. Defendant's Exhibit Binders should be a color that is distinguishable from the white and black binders (e.g., purple or green).

The parties shall provide three sets of exhibit binders to the Court (exclusive of counsels' copies). One set shall be supplied to the Courtroom Deputy Clerk ("**Official Set**"). The Official Set shall consist of the original exhibits that include appropriately colored exhibit tags stapled to the upper right hand corner of the first page of the exhibits. The exhibit tags are party-specific and are further explained below. A second set of binders shall be supplied to the Judge, together with an index and matrix reflecting any objections thereto for the Plaintiff/Government's Exhibit Binder and the Defendant's Exhibit Binder ("**Bench Set**"). A third and final set shall be positioned in the Witness Box at the outset of trial ("**Witness Set**"). The Bench and Witness Sets do **not** require the exhibits tags. However, counsel shall use numbered tabs to tab out the exhibits for quick reference.

Copies of Court-approved Exhibit Tags and Exhibit Lists can be found on the Court's webpage and are self-explanatory. Green tags shall be used for joint exhibits, blue tags for Plaintiff/Government exhibits and yellow tags for Defendant exhibits. If you have any questions, contact Courtroom Deputy Clerk Landon Countryman at 407-835-4211. Unrepresented ("*pro se*") parties may obtain additional tags from Mr. Countryman.

Counsel and *pro se* parties, if any, are responsible for including a complete list of the exhibit number(s) and a detailed description of each exhibit into the attached Exhibit List.

At the commencement of trial, counsel and *pro se* parties, if any, **shall provide THREE (3) COPIES of the Exhibit List and Witness List to the Courtroom Deputy Clerk**.

**Exhibit Substitutes** – Pursuant to Local Rule 5.04, you are required to offer photographs of sensitive or large physical exhibits (*i.e.*, weapons, narcotics, currency, etc.), which will become the "substitute exhibit" at the conclusion of the case for maintenance by the Clerk. Rule 5.04 also requires that 8½" by 11 reductions be submitted along with larger-sized documentary or similar exhibits. Unless otherwise ordered by the Court, should an appeal later be filed, the Clerk will send the photographic and/or reduced substitutes (in lieu of the original exhibits) to the Eleventh Circuit Court of Appeals in the record on appeal.

**Electronic Exhibits** – As of December 1, 2016, the Eleventh Circuit Court of Appeals requires that the electronic record include all exhibits admitted into evidence at trial or at an evidentiary hearing. Therefore, counsel should be prepared to submit in PDF format on a CD or flash drive all exhibits marked for identification and/or admitted during trial to the courtroom deputy within 7 days following the conclusion of the trial/hearing. Each exhibit is to be saved as a separate document, not to exceed 10 MB in size. If necessary to meet the size limitation, documents may be separated into subparts such as Exhibit 1-1, 1-2, etc. Counsel will be required to submit a certification (attached) that all parties have reviewed the submission and agree to its authenticity.

**Audio and/or Visual Equipment** – Please note that the Court has a variety of audio and visual equipment available for use during trials. At least one week prior to trial, parties intending to use such equipment shall notify the Courtroom Deputy Clerk and schedule an appointment to come into court and familiarize themselves with the courtroom technology systems. Failure to do so may result in the equipment not being available for use during trial.

---

[1] These instructions are not all-inclusive; they are purposely general in nature and intended merely to supplement the Local Rules and Case Management and Scheduling Order ("CMSO"). Counsel and/or *pro se* parties are responsible for becoming completely familiar with and fully complying with the CMSO and Local Rules. *Particular attention* is drawn to Local Rule 5.03 ("Courtroom Decorum").

AO 85 (Rev. 01/09)  Notice, Consent, and Reference  of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Plaintiff,

v.                                                                                               Case No

Defendant.

——————————————————————

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Signatures* | *Party Represented* | *Date* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### ORDER OF REFERENCE

**IT IS ORDERED** that this case be referred to the UNITED STATES MAGISTRATE JUDGE for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73.

_____                                    _____
            DATE                                                              UNITED STATES DISTRICT JUDGE

**NOTE:**   **RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.**

AO 85A (Rev. 01/09) Notice, Consent, and Reference  of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

,

        **Plaintiff,**

**v.**                                                                              **Case No:**

        **Defendant.**

_____

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*.  A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*  The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title)*.

**MOTION(S)**    _____

                        _____

Party Represented                        Signatures                                Date

_____        _____        _____

_____        _____        _____

_____        _____        _____

## ORDER OF REFERENCE

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in  accordance with 28 U.S.C. § 636(c).

_____                        _____

        DATE                                        UNITED STATES DISTRICT JUDGE

NOTE:  RETURN THIS FORM TO THE CLERK OF COURT **ONLY IF** ALL PARTIES HAVE CONSENTED **ON THIS FORM** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.