## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LARRY RUMBOUGH,**

      **Plaintiff,**

v.                                                    Case No:   **6:18-cv-575-Orl-78EJK**

**BRIGHT HOUSE NETWORKS, LLC,**
**CHARTER COMMUNICATIONS, INC.,**
**SPECTRUM, DOE and JOHN DOE,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court on Defendants, Bright House Networks, LLC; Charter Communications Inc.; Spectrum; Doe; and John Doe's[1] (collectively, "Defendants") Motion to Dismiss for Failure to Prosecute and for Attorney's Fees ("the Motion"), filed December 17, 2019. (Doc. 39.) Plaintiff, proceeding *pro se*, filed a response in opposition (Doc. 44), to which Defendants replied (Doc. 55). Upon consideration, the Motion is due to be denied.

### I.  BACKGROUND

Plaintiff's operative complaint asserts two causes of action: (1) violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–.785, brought against Defendants Bright House, Charter, Spectrum, Doe, and John Doe; and (2) violation of the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227, brought against Defendants Bright House, Charter, and Spectrum. (Doc. 34.) Though the case was removed in April 2018 (Doc. 1), the final iteration of Plaintiff's claims was not filed until September 4, 2018 (Doc. 34).

---

[1] To date, it does not appear that the Doe defendants have been identified but are represented by counsel for Defendants.

In the interim,[2] the Court entered its Case Management and Scheduling Order ("CMSO") on July 13, 2018, setting July 5, 2019 as the discovery deadline and August 2, 2019 as the dispositive motions deadline. (Doc. 28.) Following the filing of Plaintiff's Third Amended Complaint and Defendant's Answer thereto in September 2018, there was no docket activity on the part of either party until over a year later, when Defendants filed the instant Motion on December 17, 2019. (Doc. 39.) Therein, Defendants request that the Court dismiss Plaintiff's case for lack of prosecution pursuant to Rule 41(b). (*Id.*)

## II.   STANDARD

Rule 41(b) provides, in pertinent part: "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton*, 178 F.3d at 1374. In that regard, "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

## III.   DISCUSSION

Defendants assert that Plaintiff's case should be dismissed for lack of prosecution because Plaintiff has not served Rule 26 disclosures, issued written discovery, served subpoenas, or taken depositions. (Doc. 39 at 1.) Plaintiff responds that he timely served Rule 26 disclosures on July 30, 2018, which Defendants dispute. (Doc. 44 at 1; Doc. 55 at 1–2.) As to the rest, Plaintiff states

---

[2] Plaintiff's claims were subject to a prescreening order, previously entered by U.S. District Judge G. Kendall Sharp, for Plaintiff's history of "persistent abuse of the court system." (Doc. 19 at 1–2.)

he believes he has evidence to try the case with the discovery he undertook in state court and otherwise. (*Id.* at 2.) Additionally, Plaintiff asserts that Defendants are essentially moving for summary judgment in the Motion instead of dismissal. (*Id.* at 2.) On this last point, the undersigned agrees.

Defendants dedicate most of their argument to the assertion that Plaintiff's case should be dismissed because Plaintiff cannot prove any element of his FCCPA or TCPA claims. (Doc. 39.) To support their argument, Defendants rely almost exclusively on cases at the summary judgment stage of the proceedings, which is an altogether different standard than one for dismissal under Rule 41(b). (*Id.*) Because of this, Defendants' Motion reads like a motion for summary judgment, albeit without affidavits or other evidentiary support.

The issue for Defendants is that the CMSO set a dispositive motions deadline of August 2, 2019. (Doc. 28.) Therefore, this Motion is over four months late, and Defendants provide no explanation as to why they waited until now to raise this argument to the Court. Defendants argue that because Plaintiff has not engaged in discovery, he has not prosecuted his case and thus cannot prove it, so Defendants are entitled to dismissal. The undersigned finds that Rule 41(b) does not dictate that result here. The case to which Defendants cite on the topic of a Rule 41(b) dismissal for lack of prosecution does not support their Motion. (Doc. 39 at 5.) In affirming the dismissal for lack of prosecution based in part on Rule 41(b),[3] the Eleventh Circuit in *Gratton* detailed the numerous discovery delays the plaintiff had interposed since initiating the case. *Gratton*, 178 F.3d at 1375. This included withholding evidence, alleged spoliation, defiance of an order to explain the alleged spoliation, misidentification of witnesses, failure to appear at a hearing, and ignoring

---

[3] The district court had also dismissed the case under Federal Rule of Civil Procedure 37. *Gratton*, 178 F.3d at 1375.


the court's order to produce other discovery. *Id.* In their Motion, Defendants have not identified anything rising to the level of the sort of conduct deemed worthy of the ultimate sanction of dismissal in *Gratton*.

Nor did Defendants move to compel Plaintiff's Rule 26 disclosures during discovery. Presumably, this was either because Defendants were in possession of the information or because Defendants did not find it worth pursuing. In either case, the discovery deadline passed in July 2019 with Defendants bringing nothing to the Court's attention prior to the deadline.

Ultimately, Defendants have failed to demonstrate the sort of "willful contempt" necessary to support a finding of dismissal under Rule 41(b). *Gratton*, 178 F.3d at 1374 (internal quotation marks omitted). The dispositive motions deadline has long since passed, and the parties are on the District Court's February 2020 trial docket. Because the Court finds that Defendants are not entitled to a dismissal of Plaintiff's claims for lack of prosecution under Rule 41(b), Defendants are also not entitled to an award of attorney's fees.

## IV.    CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that Defendants' Motion to Dismiss for Failure to Prosecute and for Attorney's Fees (Doc. 39) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 21, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties